# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MONICA HAROLD** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ANDREW SAUL,** | : | **NO. 18-cv-03994** |
| **Commissioner** | : | |

## MEMORANDUM OPINION

Defendant Andrew Saul, Commissioner of Social Security, has filed a motion to stay these proceedings. The Plaintiff has filed a response in opposition. For the reasons set forth below, I will deny the motion.

In April of 2019 the defendant filed notices of appeal in two cases decided in the Middle District of Pennsylvania, each of which found that the plaintiffs had not waived their Appointments Clause challenges by failing to raise them during administrative proceedings. *See Cirko v. Berryhill*, 2019 WL 1014195 (M.D. Pa. Mar. 4, 2019), *appeal filed*, No. 19-1772 (3d Cir. Apr. 10, 2019), and *Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. 2019), *appeal filed*, No. 19-1773 (3d Cir. Apr. 17, 2019). On June 20, 2019 defendant filed a Motion to Stay (Doc. 17) ("Mot.") in this case, requesting that the case be stayed pending resolution by the Third Circuit of *Cirko* and *Bizarre*. Defendant contends that the pending appeals raise the same Appointments Clause issue presented in this case. *See* Mot. at ¶ 4. Plaintiff's counsel objects to the Motion. (Doc. 19.)

"In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937)).

The Supreme Court has explained that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

When deciding a motion to stay proceedings pending the resolution of another action in federal court, I must consider "whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy." *Airgas, Inc. v. Cravath, Swaine & Moore LLP*, 2010 WL 624955, at *3 (E.D. Pa. Feb. 22, 2010) (citing *Landis*, 299 U.S.at 254-55).[1] The Supreme Court has made clear that in deciding whether to stay a suit pending the outcome of another suit, the party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays

---

[1] "Although the Third Circuit has not endorsed a definitive formulation of factors to consider, courts in this Circuit engage in a balancing analysis to determine if a stay is appropriate." *Razak v. Uber Techs., Inc.*, 2016 WL 3960556, at *3 (E.D. Pa. July 21, 2016). These factors have been articulated in various ways. *See, e.g., Brandywine Vill. Assocs. v. Carlino E. Brandywine, L.P.*, 2018 WL 3752876, at *3 (E.D. Pa. Aug. 8, 2018) ("Applying *Landis*, this Court considers four factors before granting a stay: (1) the length of the requested stay; (2) the hardship that the movant would face if the stay was not granted; (3) the injury that a stay would inflict on the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy.") (internal quotations omitted), *appeal filed*, No. 18-2874 (3d Cir. Aug. 23, 2018); *City of New Castle v. Purdue Pharma L.P.*, 2018 WL 3438841, at *2 (E.D. Pa. July 16, 2018) ("In order to decide a motion to stay proceedings pending the resolution of another action in federal court, courts have considered the following three factors: '(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay.'") (quoting *Cirulli v. Bausch & Lomb, Inc.*, 2009 WL 545572, at *2 (E.D. Pa. Mar. 4, 2009)). The Third Circuit has considered similar factors when deciding whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) (citing to four factors identified in *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)).

will work damage to [someone] else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 555. *See also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (3d Cir. 2004) (the party seeking the stay "must state a clear countervailing interest to abridge a party's right to litigate"); *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983) ("It is well settled that before a stay may be issued, the [party seeking the stay] must demonstrate a clear case of hardship or inequity, if there is even a fair possibility that the stay would work damage on another party. In these cases, the clear damage to the [non-moving parties] is the hardship of being forced to wait for an indefinite and . . . a lengthy time before their causes are heard.") (internal quotations and citations omitted). "The proponent of a stay bears the burden of establishing its need." *Richardson v. Verde Energy USA, Inc.*, 2016 WL 4478839, at *2 (E.D. Pa. Aug. 25, 2016) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

Here, defendant has not demonstrated a clear case of hardship or inequity. Rather, defendant merely posits that granting the stay "will promote judicial efficiency and ensure consistency on" the Appointments Clause issue. (Mot. ¶ 4.) By contrast, the plaintiff certainly will suffer the hardship of waiting months, perhaps years, for the resolution of the appeal, only to wait yet longer for this Court's decision on the ordinary merits of the case if the court of appeals rejects the Appointments Clause arguments advanced by plaintiffs in the pending appeals. If the plaintiff would have prevailed on the ordinary merits, the plaintiff will have been deprived of months, perhaps years, of

time on remand to the Commissioner for further proceedings.[2] If on the other hand this Court decides this case, and the court of appeals agrees with the plaintiffs' Appointments Clause arguments in *Cirko* and *Bizarre*, it will be simple enough to issue a remand based on the Appointments Clause violation.

I find that it is just and efficient to proceed to decide both the Appointments Clause issue and the ordinary merits of the case, rather than waiting for the court of appeals to decide the Appointments Clause issue. I will deny defendant's motion to stay these proceedings pending resolution of the appeals in *Cirko* and *Bizarre*.

**BY THE COURT:**

 */s Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**

---

[2] This assumes that the Commissioner would not appeal such a case but instead accept a remand because of the disposition on the ordinary merits of the case.